IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLINT EUGENE WOODS,**

                Petitioner,

    v.                                                CASE NO. 18-3250-SAC

**JOEL HRABE,**

                Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis. Petitioner moves to amend the petition to add two affidavits (Doc. 2). The Court grants the motion and has reviewed the affidavits in conducting an initial review of the petition required by Rule 4 of the Rules Governing Habeas Corpus Cases under Section 2254.

### Background

In October 2003, petitioner pled guilty to one count of second-degree murder in the District Court of Sedgwick County. Prior to entering the plea, petitioner indicated he had reviewed the plea agreement with counsel and understood it, that he understood the waiver of rights that would occur upon the entry of the plea, that he understood the sentence to be recommended by both parties, that he understood the court was not bound by that recommendation, that he understood the sentence imposed could fall between 147 and 653 months with a fine of up to $500,000.00, and that he had not been induced to enter the plea by threats or promises. He provided a factual basis for the plea. *State v. Woods*, 130 P.3d 1247 (Table), 2006 WL

851245, at *1 (Kan. Ct. App. Mar. 31, 2006), *rev. denied*, Sep. 19, 2006.

In December 2003, he filed a pro se motion to withdraw his plea and discharge his attorneys. The district court conducted an evidentiary hearing, denied his motion, and sentenced him to a term of 258 months. *Id.*

In September 2007, petitioner filed a pro se motion under K.S.A. 60-1507 seeking to withdraw his plea based on ineffective assistance of counsel. The district court conducted a hearing and denied the motion; the Kansas Court of Appeals affirmed that decision. *Woods v. State*, 291 P.3d 105 (Table), 2012 WL 6734507 (Kan. Ct. App. Dec. 21, 2012), *rev. denied*, 297 Kan. 1257 (Aug. 23, 2013).

In May 2014, petitioner filed a second motion under K.S.A. 60-1507, again arguing ineffective assistance by his trial counsel. The district court summarily denied the motion, and the Kansas Court of Appeals affirmed. *Woods v. State*, 379 P.3d 1134 (Kan. Ct. App. 2016), *rev. denied*, Sep. 28, 2017.

Petitioner filed this action on September 20, 2018.

## Analysis

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  The date on which the impediment to filing an application created by State action in violation of

> the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Ordinarily, the limitation period runs from the date the judgment becomes "final", as stated in § 2244(d)(1)(A). "Direct review" of a criminal matter ends when the petitioner has completed direct appeals of the conviction and the time for seeking review in the United States Supreme Court has ended. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Under the Rules of the Supreme Court, a party has ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003)(internal quotations omitted).

> The statute also contains a tolling provision:
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id*.

Where a prisoner seeks equitable tolling on the ground of actual innocence, the prisoner "must establish that, in light of new evidence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 526-37 (2006)(quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not

presented at trial." *Schlup*, *id*. at 324.

Petitioner did not timely file this action. After the Kansas Supreme Court denied review in his direct appeal on September 19, 2006, petitioner had ninety days to seek review in the United States Supreme Court. He did not do so, and the one-year limitation period for filing a federal habeas corpus petition began to run in mid-December 2006. The limitation period ran until September 2007, when petitioner filed his first motion under K.S.A. 60-1507. At that point, approximately eight months had run on the statutory limitation period.

The limitation period remained tolled until the Kansas Supreme Court denied review in the action under 60-1507 on August 23, 2013, and began to run on the following day. At that time, approximately four months remained on the limitation period, and it expired in December 2013.

Petitioner seeks equitable tolling in this matter on the ground of actual innocence, and he offers affidavits in support of that position from two persons who state they were present at the scene where the shooting took place. The affiants state that petitioner was not present, and they explain their failure to come forward was due to threats by police that if they hindered the investigation against petitioner, they would be imprisoned.

A claim of actual innocence "enable[s] a habeas petitioner to overcome a procedural bar" in order to present claims of constitutional violations that otherwise would be barred. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Court must consider whether the affidavits present new, reliable evidence of petitioner's actual innocence that will allow him to avoid the procedural bar caused by his failure to timely file this matter. If so, the Court then must determine whether that evidence would mean that no juror, acting reasonably, would have voted to find petitioner guilty. The actual innocence exception requires the petitioner to advance "new reliable evidence" which was "not available through the exercise of due diligence." *Schlup*, 513 U.S. at 324.

The Court has studied the record and is considering the dismissal of this matter. The action is time-barred, and it does not appear that petitioner has come forward with new, reliable evidence of his innocence. While he presents statements of persons who now claim that he was not present in the park on the night the shooting took place, it appears this evidence could have been discovered at the time with due diligence; it also appears the claim that petitioner was not involved is controverted by his plea of guilty to the shooting.

"Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1997)(citations omitted).

A number of courts have refused to accept a claim of actual innocence asserted after a prisoner's entry of a guilty plea. *See, e.g., Eads v. Bottom*, 2014 WL 2742581, at *7-10 & n. 11 (E.D. Ky. Jun. 12, 2014)(rejecting petitioner's claim of actual innocence based on

affidavits submitted by two witnesses years after the offense and stating, "ultimately, [petitioner's] own words sink his argument"); *Sidener v. United States*, 2013 WL 4041375, at *3 (C.D. Ill. Aug. 8, 2013)("Petitioner's admission to the factual basis demonstrates that Petitioner cannot make a showing of actual innocence. Therefore, the actual innocence 'gateway' for allowing consideration of otherwise time-barred claims is not available in Petitioner's case."); and *McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997)(stating that even if a petitioner attempted to show actual innocence, "in light of his guilty plea, such an attempt would be unpersuasive.").

After carefully examing the record, the Court is considering the dismissal of this action because petitioner has not advanced reliable, new evidence in support of his claim of actual innocence that is sufficient to overcome his guilty plea. Before entering a ruling in this matter, the Court will allow petitioner and the respondent the opportunity to address the timeliness of this matter and the petitioner's claim of actual innocence.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

IT IS FURTHER ORDERED petitioner's motion to amend petition (Doc. 3) is granted.

IT IS FURTHER ORDERED petitioner's motion for hearing (Doc. 4) is denied.

IT IS FURTHER ORDERED petitioner is granted to and including **September 3, 2019,** to show cause why this matter should not be

dismissed for the reasons set forth.

IT IS FURTHER ORDERED the respondent is granted to and including **October 3, 2019,** to file a response.

The clerk of the court shall transmit copies of this order to the petitioner and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED:  This 2nd day of August, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge