IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLINT EUGENE WOODS,**
        **Petitioner,**

   v.          CASE NO. 18-3250-SAC

**JOEL HRABE,**

        **Respondent.**

## MEMORANDUM AND ORDER

  This matter is a habeas corpus action filed under 28 U.S.C. § 2254. By an earlier order, the Court advised the parties that it was considering the dismissal of this matter due to petitioner's failure to file within the governing one-year limitation period and due to his failure to present a persuasive showing of actual innocence. The Court has considered the parties' responses and enters the following order.

### Background

  In October 2003, petitioner entered a guilty plea to one count of second degree murder in the District Court of Sedgwick County, Kansas. In December 2003, he moved to withdraw the plea. The district court denied the motion in January 2004, and sentenced petitioner in February 2004. Petitioner filed an appeal from the denial of his motion.

  The Kansas Court of Appeals (KCOA) affirmed the denial, and the Kansas Supreme Court (KSC) denied review. *State v. Woods*, 130 P.3d 1247 (Table), 2006 WL 851245 (Kan App. Mar. 31, 2006), *review denied*, Sep. 19, 2006. The one-year limitation period for filing under 28 U.S.C. § 2254 began to run on December 18, 2006.

On September 18, 2007, petitioner filed a motion under K.S.A. 60-1507, tolling the limitation period. The period remained tolled until August 24, 2013, the day after the KSC denied review in that matter. On May 16, 2014, petitioner filed a second motion under K.S.A. 60-1507. The motion was summarily denied on February 15, 2015. Petitioner unsuccessfully appealed, and the KSC denied review on September 28, 2017. *Woods v. State*, 379 P.3d 1134 (Kan. App. 2016), *rev. denied*, Sep. 28, 2017. Petitioner commenced this action on September 20, 2018.

**Discussion**

This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Enacted in April 1996, the AEDPA established a one-year limitation period for a state prisoner to seek relief in federal habeas corpus. 28 U.S.C. § 2244(d). Generally, this period commences upon the "conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2). Likewise, a prisoner's failure to comply with the statutory limitation period may be excused on equitable grounds, including "a credible showing of actual innocence." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

First, the Court finds the petition is not timely. It is plain that the limitation period began to run in mid-December 2006 and was tolled in mid-September 2007, approximately nine months later. The limitation period resumed running in mid-August 2013, with approximately three months remaining. Because petitioner took no

additional action during that time, the limitation period expired in November 2013. Petitioner appears to concede that the filing is not timely, as neither of the responses he filed addresses this point.

Instead, petitioner's primary contention is that he is entitled to proceed on equitable grounds, namely, that he has made a showing of actual innocence that would allow him to proceed despite his failure to timely file.

In *Schlup v. Delo*, 513 U.S. 298 (1995), the U.S Supreme Court held that a petitioner's procedurally defaulted claim may be heard on its merits if the petitioner argues that the ineffective assistance of counsel "denied him the full panoply of protections afforded to criminal defendants by the Constitution." *Id*. at 315. Under *Schlup*, a federal habeas court may consider a defaulted claim that comes within "the 'narrow class of cases … implicating a fundamental miscarriage of justice.'" *Id*. (quoting *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991)). A petitioner meets this standard by presenting evidence showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 322.

The evidence presented by petitioner consists of several affidavits by friends and acquaintances who either explain their reasons for initially implicating petitioner in the crime during the investigation or place him away from the scene of the crime.

None of the statements, however, is newly discovered evidence. Rather, the statements were prepared between 2006 and 2016, and at least a portion of the information was presented in the state district court as early as 2009[1]. And it is significant that petitioner entered

---

[1] *See* Doc. 18, p. 8, describing testimony of Kaylen Irby, who testified in May 2009 in the state district court.

a guilty plea. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). *See also Johnson v. Medina*, 547 F.App'x 880, 885 (10th Cir. 2013)(stating that the petitioner's "plea of guilty simply undermines his claim that another individual committed the crime to which he pled guilty.").

The Court has considered the record and concludes that petitioner has not presented new reliable evidence of his innocence that warrants equitable tolling in this matter. Therefore, this matter must be dismissed as time-barred.

## Certificate of Appealability

When a district court enters a final order adverse to a habeas corpus petitioner, it must issue or deny a COA. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right", and, if the COA issues, the Court must identify the specific issue or issues that warrant additional review. 28 U.S.C. § 2253. A petitioner meets that standard by showing that the issues presented are debatable among jurists, that a court could resolve the issues differently, or that the claims deserve additional consideration. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)(citation omitted).

Where, as here, the Court's ruling is based upon procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484.

The Court has examined the record and concludes that no COA should issue. The petition is denied on a procedural ground, the failure to

timely file the petition, and petitioner has failed to present any reliable new evidence of his innocence that might excuse his failure to timely file.

IT IS, THEREFORE, BY THE COURT ORDERED the petition for habeas corpus is dismissed.

IT IS FURTHER ORDERED no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED:  This 6th day of April, 2020, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge